UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS THOMPKINS,

       Petitioner,

v.

                                     Case No. 2:07-cv-12
                                     HON. GORDON J. QUIST

LINDA M. METRISH,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Louis Thompkins filed this petition for writ of habeas corpus challenging the validity of his convictions for carjacking, in violation of MCL § 750.529a, and for possession of a firearm during the commission of a felony, in violation of MCL § 750.227b.  Petitioner was convicted on July 8, 1999, following a bench trial, and on August 6, 1999, was sentenced as a fourth-offense habitual offender to a prison term of six to twenty years for the carjacking conviction, and a consecutive term of two years for the felony-firearm conviction.  Following his conviction, petitioner filed a direct appeal with the Michigan Court of Appeals, raising an insufficient evidence claim with regard to the element of the taking of the vehicle from the victim by threat of force or violence or by putting the victim in fear.  The Michigan Court of Appeals rejected this claim, and the Michigan Supreme Court denied leave to appeal.  Petitioner then filed a motion for relief from judgment in the trial court, which was denied.  Petitioner next filed an application for leave to appeal in the Michigan Court of Appeals, raising another claim of insufficient evidence, this time stating that the victim's lawful presence had not been established beyond a reasonable doubt.  The Michigan Court of Appeals denied leave to appeal, as did the Michigan Supreme Court.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Petitioner Thompkins' conviction of carjacking was based on insufficient evidence, in violation of due process.

II. Petitioner Thompkins was denied the effective assistance of both trial and appellate counsel, in violation of the 6th Amendment.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160

F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner first claims that his carjacking conviction was based on insufficient evidence and therefore violated due process.  Specifically, petitioner claims that the prosecution failed to prove beyond a reasonable doubt that petitioner took the vehicle in the presence of the victim by force or violence, or threat of force or violence, or by putting the victim in fear.  Petitioner additionally claims that the prosecution failed to prove beyond a reasonable doubt that the victim was in lawful possession of the vehicle at the time that it was taken.  When reviewing petitioner's direct appeal, the Michigan Court of Appeals stated:

> We find defendant's contentions wholly lacking merit.  At trial, the victim identified defendant as the man who appeared in the vehicle the victim had borrowed.  The victim recounted that defendant demanded the keys while lowering his hand toward a pistol in his belt.  The victim specifically stated that in light of the defendant's actions, the victim felt concern for his safety and backed away from the vehicle.  The victim explained that he decided to chase defendant when the vehicle drove slowly away, then sputtered rounding a corner.  In an effort to catch the vehicle as it rounded the corner, the victim ran through a vacant lot toward defendant.  After the victim heard two gunshots and saw flashes from the driver's side of the fleeing vehicle, however, the victim took cover to protect himself.  Weeks later, at a store approximately two blocks from the scene of the robbery, the victim observed defendant standing alongside the vehicle he had stolen from the victim.  Defendant fled, but was apprehended by the victim and the police.  Two fingerprints taken from the driver's side of the vehicle matched two of defendant's fingers.

*Michigan v. Thompkins*, No. 222149, at 1 (Mich. App. October 2, 2001).

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id*. It is clear that the evidence was sufficient to establish that petitioner took the vehicle in the presence of the victim by threat of force or violence, or by putting the victim in fear. As the Michigan Court of Appeals explained, the victim stated that petitioner reached for a pistol while demanding the keys, putting the victim in fear for his safety. The victim's statement shows that he was present when petitioner took the vehicle, and that he was put in fear or threatened with force or violence.

In addition, it is clear that the evidence was sufficient to establish that the victim was in lawful possession of the vehicle at the time that it was taken. Petitioner argues that there was testimony indicating that the vehicle had already been reported as stolen, indicating that the victim had actually stolen the vehicle. However, the record also indicates that the vehicle had already been reported as stolen in connection with the offense involving petitioner. Therefore, the Michigan appellate courts' denial of leave to appeal this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his second claim, petitioner argues that he was denied the effective assistance of both trial and appellate counsel. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142

F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner argues that trial counsel failed to investigate and prepare for trial. Petitioner has failed to provide any support for this claim. Petitioner additionally argues that trial counsel failed to call the owner of the vehicle at trial, whom petitioner alleges could have testified concerning the legal status of the victim's possession of the vehicle. In addition, petitioner argues

that trial counsel failed to highlight inconsistencies in the victim's testimony. Finally, petitioner argues that trial counsel failed to make the argument that petitioner had already taken the vehicle by the time that the victim was in his presence. With regard to these claims, petitioner has failed to overcome the presumption that the actions of trial counsel were based on reasonable trial strategy. In addition, petitioner has failed to show prejudice.

Petitioner further argues that appellate counsel failed to raise an ineffective assistance of trial counsel issue. In addition, petitioner argues that appellate counsel failed to raise an insufficiency of evidence issue. Petitioner has failed to show prejudice. Therefore, in the opinion of the undersigned, petitioner's claims of ineffective assistance of trial and appellate counsel are properly dismissed as being without merit.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner has failed to show that his conviction resulted from insufficient evidence of his use of threat of force or violence or fear of harm to the victim while taking the vehicle or of the victim's lawful possession of the vehicle. With regards to his ineffective assistance of trial and appellate counsel claim, petitioner has failed to show prejudice. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: July 1, 2009